UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICARDO L., | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 cv 4831 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| ANDREW M. SAUL, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ricardo L.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his disability benefits. Plaintiff has filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security [dkt. 15], which the Court construes as a motion for summary judgment; the Commissioner has filed a Response [dkt. 24], which the Court construes a cross-motion for summary judgment. As detailed below, Plaintiff's motion for summary judgment [dkt. 15] is DENIED and the Commissioner's motion for summary judgment [dkt. 24] is GRANTED. The Court AFFIRMS the final decision of the Commissioner denying benefits.

**I. Background**

   **A. Procedural History**

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Benefits on August 11, 2016, alleging a disability onset date of July 12, 2016. [Administrative Record ("R.") 15]. Plaintiff's claim was denied initially on September 16, 2016, and again upon reconsideration on November 4, 2016. [R. 15.] Following these denials, Plaintiff requested a hearing before an

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

Administrative Law Judge ("ALJ"), which was held on February 28, 2018 before ALJ William J. Mackowiak. [R. 15.] On July 27, 2018, the ALJ issued an unfavorable decision. [R 15-24.] Plaintiff requested and was denied Appeals Council review on May 19, 2019, thus making the decision of the Appeals Council the final decision of the Commissioner. [R. 1-3.] Plaintiff filed the instant action on July 18, 2019, seeking review of the Commissioner's decision. [Dkt. 1.] This matter is now ripe and ready for disposition by this Court.

### B. The ALJ's Decision

On July 27, 2018, the ALJ issued a written decision denying Plaintiff disability benefits. [R. 15-24.] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of July 12, 2016 through his date last insured. [R. 17.] At Step Two, the ALJ found that Plaintiff had the severe impairments of spinal disorder, degenerative disc disease, major joint dysfunction, obesity, left upper extremity tenosynovitis, left sacral disease, radiculopathy, bilateral carpal tunnel syndrome, and lumbar decompression and fusion. [R. 17.] At Step Three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R. 18.]

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform sedentary work with the following limitations: occasional climbing of stairs and ramps; no climbing ladders, ropes, or scaffolds; frequent balancing; occasional stooping and crouching; no kneeling or crawling; and frequent bilateral fingering. [R.18.]

At Step Four, the ALJ found Plaintiff incapable of performing his past relevant work. [R. 22.] At Step Five, the ALJ found that Plaintiff was capable of performing other jobs existing in

---

[2] RFC is defined as the most one can do despite one's impairments. 20 C.F.R. §§ 404.1545, 416.945.

2

significant numbers in the national economy, including assembler lens inserter (DOT 713.687-026), checker inspector and weigher for paper pulp (DOT 539.485-010), and order clerk food and beverage (DOT 209.567-014). [R. 23-24.] Because of these determinations, the ALJ found Plaintiff not disabled under the Act. [R. 23.]

### C. Relevant Factual Background

Plaintiff has a history of back problems, stemming primarily from a work accident where he missed a step on a ladder while carrying a heavy item. [R. 20.] Plaintiff attempted to treat the back injury with conservative methods such as injections (receiving approximately 30 injections), physical therapy, and medication. [R. 20.] However, those modalities were ineffective and Plaintiff underwent a decompression and lumbar interbody fusion operation in July 2016. [R. 20.] Following the surgery, Plaintiff continued to be besieged by back pain, and filed for Social Security disability.

In September and November 2016, Plaintiff's case was reviewed by two non-examining stage agency medical consultants, who considered Plaintiff's back pain and obesity before determining that Plaintiff could perform jobs at the light exertional level. [R. 21.] The ALJ assigned some weight to these opinions, but "after reviewing the totality of the medical record available at the hearing level," found Plaintiff "more limited, especially considering the new evidence and SSR 02-1p regarding obesity." [R. 21.] As such, the ALJ limited Plaintiff to sedentary work.

Additionally, a functional capacity evaluation ("FCE") was performed by a physical therapist on February 27, 2017. The physical therapist found that Plaintiff could work a full eight-hour day, sitting for four hours (40 minutes at a time), standing for four hours (50 minutes at a time), and walking up to seven hours in a day. [R. 1143.] The ALJ considered this a "mixed range of sedentary/light" work, but "limited the claimant to sedentary work based on his impairments,

3

treatment, and testimony." [R. 21.]

## II. Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. ALJs are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment (or, in this case, the combination of impairments) meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 404.1523; 20 C.F.R. § 404.1545; 20 C.F.R. § 416.920(a)(4)(i)-(v). While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. S.S.R. 96-8p, 1996 WL 374184, *5 (July 2, 1996). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id*. At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show that there are jobs the claimant is able to perform, in which case a finding of not disabled is due. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

4

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

**III.  Discussion**

    **A.**  **The ALJ's RFC Assessment Was Supported by Substantial Evidence**

The Court finds that the ALJ's RFC assessment was supported by substantial evidence. The state agency reviewing physicians both found Plaintiff was capable of performing light work, which is more demanding than the sedentary work in the ALJ's RFC determination. Moreover, the FCE also found that Plaintiff was capable of doing work beyond the sedentary exertional level.[3] There is evidence in the record suggesting that Plaintiff can perform work beyond the exertional limits in the RFC ultimately adopted by the ALJ. This constitutes substantial evidence that

---

[3]  Sedentary jobs require no more than two hours per day of walking and standing, and the FCE found that Plaintiff could stand for fours and walk for up to seven hours per day. *See* SSR 96-9p.

demonstrates that Plaintiff can perform work within the RFC articulated in the ALJ's opinion.

Most of Plaintiff's argument in this section is that ALJ did not base his RFC finding on Plaintiff's preferred evidence. Plaintiff points to his testimony regarding his capability and the FCE finding that Plaintiff could only sit for 40 minutes before requiring a postural change as evidence that the ALJ erred in his RFC determination. However, the Court's review is not whether there is conflicting evidence in the record, whether the ALJ's opinion is correct, or even if the Court would make the same RFC finding based on the administrative record; instead, the Court's review is limited to whether the ALJ adequately considered the evidence in the record and whether substantial evidence supports the ALJ's conclusion. Here, the ALJ considered both the Plaintiff's testimony and the FCE on Plaintiff's positional change requirements and found they did not persuade him Plaintiff was incapable of sedentary work. Instead, the ALJ relied on the state agency doctors' findings, and then adjusted downward to account for some of the evidence suggesting Plaintiff's limitations precluded him from performing light work. Having done so, the ALJ fulfilled his duty, and the Court finds there is substantial evidence in the record to support the RFC determination. The Court affirms the ALJ's RFC finding.

### B. Plaintiff Waived Arguments Related to the VE's Job Statistics

The Court finds that Plaintiff waived any challenge to the Vocational Expert's ("VE") job statistics by failing to question the reliability of those statistics at the administrative hearing. At step five of the sequential analysis, the Commissioner has the burden of demonstrating that a significant number of jobs exist that Plaintiff could perform. *Chavez v. Berryhill*, 895 F.3d 962, 964 (7th Cir. 2018) (citing 20 C.F.R. § 416.960(c)(1).) As noted above, the Court's role is to ensure that the ALJ's conclusions rest on substantial evidence.; "[i]n the context of job-number estimates, we have observed that the substantial evidence standard requires the ALJ to ensure that the approximation is the product of a reliable method." *Id*. at 968 (citing *Donahue v. Barnhart*,

6

279 F.3d 441, 446 (7th Cir. 2002)). However, "[w]hen no one questions the vocational expert's foundation or reasoning, an ALJ is entitled to accept the vocational expert's conclusion." *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002.) If a claimant fails to challenge the reliability of the VE's job statistics at the administrative hearing, the claimant forfeits any such argument before the district court.[4] *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009).

Here, Plaintiff did not question the basis for the VE's job statistics at the administrative hearing and does not argue in his briefs that he did. As such, the Court finds that those arguments were waived and denies Plaintiff's motion on this basis.

### C. The ALJ's Assessment of Plaintiff's Symptoms Was Not Patently Wrong

Although the Social Security Administration has eliminated the use of the term "credibility," this does "not change the fact that ALJs must still assess the credibility of a claimant's assertions regarding [her] symptoms…." *Joseph M. v. Saul*, 2019 WL 6918281, at *7-8 (N.D. Ill. Dec. 19, 2019). The court's review of an ALJ's assessment of a claimant's subjective statements is "extremely deferential." *Bates v. Colvin*, 736 F.3d 1093, 1098 (7th Cir. 2013). If "an ALJ gives specific reasons supported by the record, we will not overturn his credibility determination unless it is patently wrong." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015). The ALJ's analysis of a claimant's allegations does not need to be flawless: "[n]ot all of the ALJ's reasons must be valid as long as enough of them are." *Halsell v. Astrue*, 357 F. App'x 717, 722-23 (7th Cir. 2009) (emphasis in original); *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009). Only when an ALJ's assessment "lacks any explanation or support…will [the court] declare it to be 'patently wrong.'"

---

[4] This case is distinguishable from other cases in the Seventh Circuit holding that an ALJ has an affirmative duty to question a VE when there is an obvious conflict between the VE's testimony regarding the jobs a claimant is capable of doing and the DOT definitions of those jobs. *See, e.g.*, *Overman v. Astrue*, 546 F.3d 456 (7th Cir. 2008). Here, Plaintiff does not argue that the VE's citation of the jobs Plaintiff could perform was inconsistent with the DOT definitions. Instead, Plaintiff contends that the VE's testimony regarding the number of those jobs in the economy is unreliable; that information is not found in the DOT at all. Plaintiff failed to challenge the reliability of these job numbers at the hearing, and therefore waived any challenge before this Court.

*Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008).

Here, the ALJ's findings do not lack any explanation or support, and the Court will not overturn them. The ALJ discussed the Plaintiff's reports of pain [R. 19-20], activities of daily living [R. 19], medication and side effects [R. 19-20], history of back surgery [R. 20], history of more conservative treatment [R. 20], and attempts to work though his pain prior to surgery [R. 20]. The ALJ credited this evidence, adjusting Plaintiff's RFC downward from light work to sedentary, despite all the opinion evidence in the record suggesting that Plaintiff could do more than sedentary work. However, the ALJ did not find that Plaintiff's subjective report of pain rendered him disabled, and believed that Plaintiff retained the RFC to work at the sedentary level. This is substantial evidence on which to base the findings regarding the effect of Plaintiff's subjective symptoms on his ability to work, and the Court cannot say that the ALJ's finding in this regard was "patently wrong." As such, the ALJ's opinion is affirmed.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for summary judgment [dkt. 15] is DENIED and the Commissioner's motion for summary judgment [dkt. 24] is GRANTED. The Court AFFIRMS the final decision of the Commissioner denying benefits.

Entered: 1/11/2021 _____

Susan E. Cox,
United States Magistrate Judge